MELINDA HAAG (CABN 132612) **E-FILING**
United States Attorney

Attorney for Plaintiff

FILED

2011 JAN 18 P 2:38

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR11 No. 00029 DLJ |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1832(a)(3) - Possession of Stolen Trade Secrets; 18 U.S.C. § 1834 - Criminal Forfeiture |
| v. | |
| BRIAN MURPHY, | SAN JOSE VENUE |
| Defendant. | |

HRL

### INFORMATION

The United States Attorney charges:

#### Introduction

1. At all times relevant to this Indictment:

   a. KLA Tencor Corporation ("KT") was a Milpitas, California corporation that was in the business of providing process control and yield management for semiconductor and related microelectronic companies.

   b. KT provided products, software, analysis, and services that assisted in the manufacture of semiconductors. KT products were sold throughout the United States and internationally. One of these products was the KT 2139 system, a wafer inspection tool that used highly magnified light optics and sophisticated algorithms to detect flaws on silicon wafers that

U.S. v. MURPHY
INFORMATION

1 | were being manufactured into processors and memory chips. KT offered its customers support,
2 | maintenance, and warranty services for its tools.

3     c.      KT maintained a business unit known as KT Certified Products Group ("KT
4 | Certified") that specialized in asset management, the delivery of refurbished and tested KT tools,
5 | and the maintenance and service of KT equipment.

6     d.      KT developed and used an internal, company-wide quality control system called
7 | "eQuality" to document procedures and tool performance data during manufacturing. KT
8 | documented its confidential, specialized refurbishment process in the eQuality system.

9     2.      On or about November 17, 1997, KT hired defendant BRIAN MURPHY. In
10 | 2006, MURPHY was promoted to a Senior Director of Operations for KT Certified. On
11 | February 10, 2009, MURPHY was formally notified that his employment with KT Certified
12 | would terminate in April 2009. On April 13, 2009, MURPHY's employment with KT Certified
13 | was terminated. Upon termination of his employment, MURPHY certified that he had returned
14 | all confidential and proprietary KT information in his possession.

15     3.      In January 2009, while still employed by KT, MURPHY formed his own
16 | company called Inspecstar, which was engaged in the business of maintaining and servicing KT
17 | equipment. Inspectar competed with KT Certified.

18                            Downloading and Copying of Proprietary Information

19     4.      KT assigned MURPHY a Dell D630 laptop to assist him in his duties as a Senior
20 | Director of Operations. On January 15, 19, and 21, and February 7, 2009, MURPHY used this
21 | Dell laptop to download approximately 8,800 files from KT's computer network. Many of these
22 | files contained confidential and proprietary KT information, such as eQuality checklists, service
23 | and maintenance procedures, vendor scorecards, customer lists, customer service information,
24 | and expense and pricing information.

25     5.      In early February 2009, MURPHY used the Dell laptop to copy to some type of
26 | storage media many of these files. MURPHY then installed a data deletion program known as
27 | "Evidence Eliminator" to delete and conceal traces of computer and user activity. MURPHY
28 | continued to possess this KT trade secret information after his employment with KT was

U.S. v. MURPHY
INFORMATION

terminated and he certified that he had returned all KT confidential and proprietary information in his possession.

COUNT ONE: (18 U.S.C. § 1832(a)(3) – Possession of Stolen Trade Secrets)

6.  Paragraphs One through Five are realleged and incorporated as if fully set forth here.

7.  In or about April 2009, in the Northern District of California and elsewhere, the defendant,

BRIAN MURPHY,

with intent to convert a trade secret, specifically the eQuality checklist used for the maintenance, upgrade, repair, and refurbishment of the KT 2139 system, to the economic benefit of someone other than the owner thereof, where such trade secret was related to and included in a product that was produced for and placed in interstate and foreign commerce, did possess such information, knowing such information to have been stolen or appropriated, obtained, or converted without authorization, and intending and knowing that his possession and theft would injure KT.

All in violation of Title 18, United States Code, Section 1832(a)(3).

Dated: 1/18/11

MELINDA HAAG
United States Attorney

MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: _____)
AUSA HANLEY CHEW

U.S. v. MURPHY
INFORMATION

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☑ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

---- OFFENSE CHARGED ----

18 U.S.C. 1832(a)(3) - Possession of Stolen Trade Secrets

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
10 year term of imprisonment
$250,000 or twice the amount involved in the offense
3 year period of supervised release
$100 mandatory special assessment

---- Name of District Court, and/or Judge/Magistrate Location ----
NORTHERN DISTRICT OF CALIFORNIA

FILED

---- DEFENDANT - U.S. ----

2011 JAN 18 P 2:38

▶ BRIAN MURPHY

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

DISTRICT COURT NUMBER

**CR 11 00029**

DLJ

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)
FBI Special Agent Michael Carmona

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

HRL

---- DEFENDANT ----

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... If Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM   Melinda Haag
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   Hanley Chew

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments: